## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DENNIS W. TRUJILLO,<br>            Appellant, | DOCKET NUMBER<br>DE-0845-20-0355-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: November 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis W. Trujillo</u>, Denver, Colorado, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed a final decision of the Office of Personnel Management (OPM), found that the appellant was overpaid by $47,619 in retirement annuity benefits, denied the appellant's request for a waiver of the debt, and denied an adjustment to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

repayment schedule. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to find that the appellant was without fault in the overpayment, but we still find that the appellant is not entitled to a waiver of the overpayment. We VACATE the portion of the initial decision finding that the appellant is not entitled to an adjustment of the repayment schedule because the Board lacks jurisdiction to consider an adjustment in this case. Except as so expressly MODIFIED, we AFFIRM the initial decision.

## BACKGROUND

The appellant applied for workers' compensation benefits from the Office of Workers' Compensation Programs (OWCP) and disability retirement benefits through the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 6 at 51-54. In his application for FERS benefits, the appellant stated that his claim for OWCP benefits was pending, and he acknowledged that he could not receive benefits from FERS and OWCP at the same time. *Id*. at 54. He also checked a box authorizing OPM to collect any overpayment if he was found to have received dual compensation from both FERS and OWCP. *Id.* On or

about July 12, 2018, OPM notified the appellant that it authorized interim FERS annuity payments. *Id.* at 8, 45-46; IAF, Tab 32 at 4. Eight days later, on July 20, 2018, the appellant mailed a letter to OPM requesting that it stop FERS payments because he was electing to receive OWCP payments instead. IAF, Tab 6 at 47-48. OPM did not immediately stop the payments, and the appellant received both FERS annuity payments and OWCP benefits for the time period between January 1, 2018, and April 30, 2019, resulting in an overpayment of $47,619. *Id.* at 20-21.

After OPM notified him of the overpayment, the appellant requested a waiver. *Id.* at 14-18. OPM issued a final decision denying the appellant's request for a waiver because he should have known to set aside the erroneous payments and finding that he was not entitled to an adjustment of the repayment schedule because he failed to demonstrate financial hardship. *Id.* at 8-11. OPM advised the appellant that, if he did not elect to enter into the installment repayment agreement or file an appeal with the Board, the total balance would become due. IAF, Tab 1 at 11-12. The appellant did not remit a lump sum or enter the repayment agreement, but he elected to file a Board appeal. IAF, Tab 1. The administrative judge affirmed OPM's reconsideration decision. IAF, Tab 37, Initial Decision (ID). The appellant has filed a petition for review, and OPM has filed a response. Petition for Review (PFR) File, Tabs 1-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant has not challenged the existence or amount of an overpayment. PFR File, Tab 1. The appellant argues that he is entitled to a waiver or, in the alternative, that he is entitled to an adjustment of the repayment schedule because of financial hardship. *Id.* at 4-5. He also challenges the administrative judge's discovery rulings and requests that his doctor be permitted to testify about his state of mind at the time of the overpayment. *Id.*

The appellant is not entitled to a waiver.

Recovery of an overpayment may be waived if the appellant is "without fault" for the overpayment and "recovery would be against equity and good conscience." 5 C.F.R. § 845.301. The prompt notification exception creates an automatic finding of no fault for individuals who contact OPM within 60 days of the receipt of an overpayment to question the correctness of the payment. IAF, Tab 5 at 12; *see Boyd v. Office of Personnel Management*, 851 F.3d 1309, 1313-14 (Fed. Cir. 2017) (applying the prompt notification exception).

The administrative judge's finding that the appellant delayed contacting OPM by 6 months after the overpayment is erroneous.[2] ID at 2. OPM notified the appellant on or around July 12, 2018, that it authorized interim payments. IAF, Tab 6 at 8, 45-46, Tab 32 at 4. On July 20, 2018, the appellant mailed a letter to OPM requesting to stop FERS payments because he was electing to instead receive OWCP payments. IAF, Tab 6 at 47-48. Because the appellant contacted OPM within 60 days of receiving notification of approval and the commencement of benefits, we find that the prompt notification exception applies and he is not at fault for the overpayment.

We next consider whether it would be against equity and good conscience to require the appellant to repay the benefits. OPM's guidelines state, "an individual who accepted a payment which he/she suspected or knew to be erroneous but who is found without fault under the Prompt Notification Exception . . . is obliged to set the overpaid money aside pending recovery by OPM." IAF, Tab 5 at 15 (emphasis in original). This is known as the set-aside rule. Absent exceptional circumstances, recovery by OPM in these cases is not against equity and good conscience, and financial hardship is not an exceptional circumstance. *James v. Office of Personnel Management*, 72 M.S.P.R. 211, 217 (1996). On review, the appellant reasserts his argument that he did not know of the

---

[2] To the extent that the administrative judge found that the erroneous 6-month delay diminished the appellant's credibility, we vacate that finding. ID at 2 n.2.

overpayment. PFR File, Tab 1 at 4-5. The appellant alleges that he was receiving various benefits around the same time and was unaware of the source of the payments that were being deposited into his account. *Id.* We agree with the administrative judge's finding that the appellant knew or should have known that he was receiving an overpayment based on his July 20, 2018 letter to OPM, as well as his acknowledgment in his application for FERS benefits that he was not entitled to receive FERS and OWCP benefits at the same time. ID at 4-5 & n.6.

Because the set-aside rule required the appellant to preserve the money for repayment, we find that recovery is not against equity and good conscience. *Id.* Nevertheless, we are mindful that it was OPM that helped create this situation. Specifically, instead of promptly processing the appellant's request to cease payments, OPM continued to pay the appellant for approximately 9 months and now must use government resources to recover the substantial overpayment that resulted from its lack of action.

The Board lacks jurisdiction to address the appellant's possible entitlement to an adjustment of the repayment schedule.

In *Fearon v. Office of Personnel Management*, 107 M.S.P.R. 122, ¶¶ 14-15 (2007), the Board held that it lacks jurisdiction to address an appellant's possible entitlement to an adjustment of the repayment schedule when there is no repayment schedule in effect at the time the debt is to be collected. The Board explained that its authority is limited to OPM actions or orders that affect the appellant's "rights or interests" under the Civil Service Retirement System (CSRS).[3] *Id.* It concluded that because the appellant was no longer receiving an annuity, OPM's attempts to recover the overpayment by other means, either by persuading her to enter into a voluntary repayment agreement or by referring the matter to the Department of the Treasury or the Department of Justice, did not affect her "rights or interests" under the CSRS. *Id.* The Board has recognized an

---

[3] Because the "rights or interests" language of 5 U.S.C. § 8347(d)(1), under CSRS, is identical to the language in 5 U.S.C. § 8461(e)(1), under FERS, we find that the reasoning in *Fearon* is applicable to cases arising under FERS.

exception to this general rule and has found jurisdiction when an appellant is receiving a recurring payment from another source from which the debt can be offset, such as OWCP benefits. *See Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 9 n.4 (2013); *Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122, ¶¶ 11-12 (2010).

Here, it is undisputed that the appellant is not receiving an annuity and there is no repayment schedule in effect at this time. IAF, Tab 11 at 3, Tab 32 at 4. Though the appellant is receiving OWCP benefits, the record reflects that the overpayment is not being offset from the appellant's OWCP benefits. IAF, Tab 11 at 3. As in *Fearon*, OPM has stated that the debt will be collected by the Department of the Treasury. *Id.*; see *Fearon*, 107 M.S.P.R. 122, ¶ 4. Accordingly, we lack authority to adjudicate the appellant's possible entitlement to an adjustment to the repayment schedule, and we vacate the initial decision regarding this finding. *See Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 13 (2015) (finding no jurisdiction to consider an adjustment of the repayment schedule when there was no repayment schedule in effect at the time of the action and there was no indication in the record that OPM was seeking to offset another of the appellant's recurring payments to recover the overpayment).

The administrative judge did not abuse his discretion in denying the appellant's discovery requests.

On review, the appellant argues that the administrative judge erred by denying various discovery requests. PFR File, Tab 1 at 5. An administrative judge has broad discretion in ruling on discovery matters, and the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). The administrative judge denied the appellant's request for discovery of "evidence regarding other cases in which financial hardship was granted or denied" as untimely without good cause and, in the alternative, because it is beyond the

scope of permissible discovery for the agency. IAF, Tab 28 at 2. The appellant did not object to the administrative judge's denial and did not file a motion to compel as required by 5 C.F.R. § 1201.73(c), (d)(3) (2020). The appellant does not state in his petition for review that his request was timely, and he does not explain why the requested information is relevant. We find that the administrative judge did not abuse his discretion in denying the appellant's discovery request for this information. *Fisher v. Department of Defense*, 59 M.S.P.R. 165, 170-71 (1993) (finding the administrative judge did not err in denying the appellant's request for discovery when the request was not timely made in accordance with the administrative judge's order); *Radziewicz v. U.S. Postal Service*, 42 M.S.P.R. 692, 695-97 (1990) (finding an administrative judge did not err in denying discovery when the appellant failed to exercise due diligence in pursuing discovery by filing a motion to compel).

The appellant also asserts that the administrative judge erred by not allowing discovery of "prior cases the OPM representative worked on" and a "special expense list." PFR File, Tab 1 at 5. The administrative judge's acknowledgment order provided basic discovery instructions to the appellant and referred him to the applicable regulations. IAF, Tab 2 at 3-4. There is no indication in the record that the appellant requested these documents before the deadline to initiate discovery expired. IAF, Tab 28 at 2. We find that the appellant's failure to avail himself of the opportunity to engage in discovery is not attributable to the administrative judge. *See Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 16 (2016), *aff'd per curium*, 679 F. App'x 1006 (Fed. Cir. 2017), *overruled on other grounds by Cronn v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

Finally, the appellant requests that his doctor be permitted to testify regarding his mental state at the time of the overpayment. PFR File, Tab 1 at 4-5. There is no evidence that the appellant made this request before the administrative judge. *See, e.g.*, IAF, Tab 33 at 1. The Board will not consider

evidence submitted for the first time in the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R 211, 214 (1980). The appellant has not alleged that his doctor's testimony was not available prior to the close of the record, and we, therefore, deny the appellant's request for his doctor to testify. *Brown v. U.S. Postal Service*, 62 M.S.P.R. 76, 79-80 (1994) (finding the appellant did not exercise due diligence in attempting to obtain evidence before the administrative judge when he did not file a discovery request or a motion to compel discovery, and, therefore, he was not permitted to present the evidence for the first time in his petition for review).

The appellant's remaining arguments dispute the administrative judge's findings regarding financial hardship and adjustment of the repayment schedule. Because we lack jurisdiction to adjust the repayment schedule, we need not address those arguments. Based on the foregoing, we vacate the findings in the initial decision relating to the appellant's request for an adjustment to the repayment schedule and we affirm the initial decision as explicitly modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.